**LU WEN YANG, Petitioner,**

v.

**Alberto R. GONZALES, Respondent.**

No. 06–4210–ag.

United States Court of Appeals, Second Circuit.

May 15, 2007.

Farah Loftus, Los Angeles, CA, for Petitioner.

Peter D. Keisler, Assistant Attorney General, Civil Division, U.S. Department of Justice, Linda S. Wernery, Assistant Director, Lindsay, B. Glauner, Trial Attorney, Office of Immigration Litigation, Washington, D.C., for Respondent.

PRESENT: Hon. JOSÉ A. CABRANES, Hon. ROBERT A. KATZMANN and Hon. B.D. PARKER, Circuit Judges.

### SUMMARY ORDER

Lu Wen Yang, a native and citizen of the People's Republic of China, seeks review of an August 14, 2006 order of the BIA affirming the April 6, 2005 decision of Immigration Judge ("IJ") Elizabeth A. Lamb denying Yang's applications for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Lu Wen Yang,* No. A77 749 262 (BIA Aug. 14, 2006), *aff'g* No. A77 749 262 (Immig. Ct. N.Y. City Apr. 6, 2005). We assume the parties' familiarity with the underlying facts and procedural history of the case.

When the BIA summarily affirms the decision of the IJ without issuing an opinion, *see* 8 C.F.R. § 1003.1(e)(4), this Court reviews the IJ's decision as the final agency determination. *See, e.g., Twum v. INS,* 411 F.3d 54, 58 (2d Cir.2005). This Court reviews the agency's factual findings, including adverse credibility determinations, under the substantial evidence standard, treating them as "conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B); *see, e.g., Zhou Yun Zhang v. INS,* 386 F.3d 66, 73 & n. 7 (2d Cir.2004). However, we will vacate and remand if the agency's reasoning or its fact-finding process was sufficiently flawed. *Cao He Lin v. U.S. Dep't of Justice,* 428 F.3d 391, 406 (2d Cir.2005); *Tian–Yong Chen v. INS,* 359 F.3d 121, 129 (2d Cir.2004); *see also Xiao Ji Chen v. U.S. Dep't of Justice,* 471 F.3d 315, 335–37 (2d Cir.2006) (agreeing with this principle, but avoiding remand, in spite of deficiencies in an adverse credibility determination, because it could be confidently predicted that the IJ would adhere to the decision were the case remanded).

The IJ's adverse credibility determination is supported by substantial evidence. As the IJ correctly pointed out, Yang's

testimony was contradictory to his mother's statement in that she never attested to Yang receiving injuries during a gathering at the police station or that she or Yang's father were required to report to the police station on a weekly basis. Because this omission goes to the heart of Yang's claims of persecution, the IJ properly relied on it in support of her adverse credibility determination. *See Secaida–Rosales v. INS,* 331 F.3d 297, 308–09 (2d Cir.2003) (to form the basis of an adverse credibility determination, a discrepancy must be "substantial" when measured against the record as a whole). Furthermore, although the IJ did not confront Yang about this discrepancy, where an inconsistency is dramatic, as this one is, the agency may rely on it without first soliciting an explanation from the applicant. *See Majidi v. Gonzales,* 430 F.3d 77, 81 (2d Cir.2005).

The IJ also properly noted that, although Yang's claims of persecution were based on his religion and involvement in a church, his testimony in this respect is lacking in detail. Although we have warned that a lack of doctrinal knowledge cannot be held against an applicant who does not claim to be an expert in or have a deep understanding of the religion in question, *see Rizal v. Gonzales,* 442 F.3d 84, 90 (2d Cir.2006), the IJ in this case did not base her credibility determination on Yang's lack of doctrinal knowledge. Rather, her finding was based on Yang's inability to answer clearly basic questions regarding the Church he claimed to have attended in China. Therefore, this finding properly supported the IJ's adverse credibility determination.

In reaching her adverse credibility determination, the IJ also noted the fact that Yang failed to provide additional affidavits in support of his claims. An applicant's failure to corroborate his or her testimony may bear on credibility, either because the absence of particular corroborating evidence is viewed as suspicious, or because the absence of corroboration in general makes an applicant unable to rehabilitate testimony that has already been called into question. *See Xiao Ji Chen,* 471 F.3d at 341 (presenting the latter situation); *Zhou Yun Zhang,* 386 F.3d at 78 (same).

In this case, the IJ found it troubling that, although Yang stated he obtained a letter from the church he attends in New York, he subsequently lost it. In addition, the IJ noted that Yang failed to present documentation that could support his claims of past persecution, *i.e.,* an affidavit from the friend he stayed with after escaping arrest. Although the IJ failed to address the availability of these affidavits, she was not required to do so in light of Yang's otherwise incredible testimony. *See Xiao Ji Chen,* 471 F.3d at 341. The IJ was therefore reasonable in determining that the lack of corroborating evidence further undermined Yang's credibility. Because the IJ correctly determined that Yang was not credible and therefore did not meet his burden of proof for asylum, it necessarily follows that denial of withholding of removal was correct. *See Zhou Yun Zhang,* 386 F.3d at 71. Because we uphold the adverse credibility finding in this case, we need not reach the IJ's alternative burden of proof finding.

Finally, we do not consider Yang's CAT claim because he failed to make any arguments as to this claim before the BIA. *See Karaj v. Gonzales,* 462 F.3d 113, 119 (2d Cir.2006).

For the foregoing reasons, the petition for review is DENIED in part and DISMISSED in part. Having completed our review, the pending motion for a stay of removal in this petition is DISMISSED as moot.